In the Matter of the Claim of ROSEMARY HAMILTON et al., Respondents, against M AND M LEASING Co. et al., Appellants, and F. D. McKAY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by M and M Leasing Co., alleged employer, and the insurance carrier, from an award of the Workmen's Compensation Board for death benefits against appellants only. Decedent was killed as the result of an accident when a tractor-trailer which he was operating left the road and struck a tree. The tractor-trailer was owned by M and M Leasing Co., and had been leased to McKay MacLeod Corporation to transport a load to Brooklyn, N. Y., and it was on this trip that decedent was killed. McKay MacLeod Corporation holds an interstate commerce franchise as a motor common carrier in various States. F. D. McKay, Inc., holds a New York State intrastate franchise as a motor vehicle carrier of freight. Neither of the latter two corporations own any tractors or trailers for hauling their shipments. M and M Leasing Co. is a partnership owning some thirty tractor-trailers. The principal business of the partnership is to lease these tractor-trailers to the two corporations mentioned, although they also lease the equipment on occasions to others. By the terms of the lease the lessee was to have complete control of the equipment on any particular trip. It is the contention of the appellants that there is no substantial evidence to sustain the board's finding that decedent employee was in the employ of M and M Leasing Co., it being contended that he was in the employ of the McKay MacLeod Corporation, whose goods he was hauling at the time of the accident. The evidence discloses that decedent was hired by M and M Leasing Co., was paid by them, and was carried on their payrolls exclusively; that deductions for social security, withholding and unemployment insurance taxes were deducted by them, and that they carried compensation insurance on their drivers. M and M Leasing Co. hired all of its drivers and assigned them to particular trips, sometimes for the above-named corporations, sometimes for others. On the particular trip here involved, the driver was under instructions from M and M Leasing Co. to secure a return load from McKay MacLeod Corporation, and if none were available to seek a return load elsewhere. There is ample evidence in the record that M and M Leasing Co. exercised some control over its drivers, despite the terms of the lease. We think the record clearly justifies the factual finding that decedent was in the employ of M and M Leasing Co. at the time of the accident, and that he was not in the employ of McKay MacLeod Corporation. *Matter of Baldi* v. *Interstate Motor Frgt. System* (277 App. Div. 959, motion for leave to appeal denied 302 N. Y. 947), relied upon by appellants, is factually distinguishable from the instant case, and, moreover, the board in that case decided as a fact that the lessee of the tractor-trailer was the employer, and that finding was merely affirmed by the court. Award affirmed, with costs to respondents filing a brief. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.