In the Matter of the Claim of WILLIE M. WILLIAMS, Respondent, v. ABE SOLOMON, Appellant, and KENNEDY MOTOR LINES, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 9, 1961.

*Glabman & Rubenstein* (*Jerome M. Leitner* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*Haft & Tischler* for claimant-respondent.

*Charles G. Tierney* (*Morris N. Lissauer* and *George J. Hayes* of counsel), for Kennedy Motor Lines, Inc., and others, respondents.

GIBSON, J. Appeal is taken by an alleged uninsured employer from a decision and award of the Workmen's Compensation

Board for death benefits; the sole issue being whether decedent, the driver of a truck leased by appellant Solomon to respondent Kennedy Motor Lines, Inc. (hereinafter referred to as "Kennedy"), for operation in interstate commerce under the latter's permit therefor, was in the employ of the lessor, of the lessee or of both.

For a period commencing in 1951 or 1952 and continuing for some few years — but whether or not to the time of the accident on February 10, 1956 being in dispute — Solomon, according to his testimony, leased his truck to Kennedy "either with myself or with another man on the truck to haul merchandise" for Kennedy, but actually for Kennedy's customers, the business being produced by Kennedy and the receipts by way of transportation charges being divided, 75% to Solomon and 25% to Kennedy. There was ample evidence that appellant hired decedent and could discharge him; paid his wages and advanced his expenses; aided him in loading the truck for the trip which ended in the fatal accident and indicated to him the stops to be made. There was, on the other hand, no sufficient evidence of any direction or control by Kennedy, or so the board was entitled to find. There was proof that the consignor of the shipment in question, although claiming that its arrangement was with Kennedy, communicated directly with appellant when haulage was required and, whether or not because of its knowledge that appellant had no ICC permit but was, actually or purportedly, operating under that of Kennedy, made payment by checks payable simply to "Kennedy" (rather than "Kennedy Motor Lines, Inc."), which were delivered to appellant who customarily and with the consignor's knowledge, indorsed and cashed them. Upon the entire record, there was warrant for the board's findings that at the time of the accident appellant was decedent's "sole" employer, that decedent was not an employee of respondent Kennedy and that there was no "general-special employment".

Respondent Kennedy's and its carrier's argument proceeds upon the premise that the board found that the lease arrangement terminated prior to the accident. While such a finding, depending almost entirely upon the credibility of interested witnesses on each side, would have to be affirmed, we do not thus construe the decision, which in such case would be pointless in detailing at some length an arrangement no longer existing. We cannot, on the other hand, adopt appellant's conclusion that the finding of an existing lease arrangement requires the holding that a special or other additional employment existed; or that even in the absence of employment status

respondent Kennedy's workmen's compensation insurance coverage by respondent State Insurance Fund in some way extended to decedent, and that the board " erred in declaring Solomon a ' non-insured ' employer, and in failing to find the State Insurance Fund liable as carrier."

As respects the first prong of this argument, it is true that in some jurisdictions the lessee is held to be an employer as a matter of law, this by virtue of the operation by the driver under the ICC permit and the ICC regulations which require that the lessee have " exclusive " control of the equipment and " complete responsibility in respect thereto ". (See, e.g., *Patton* v. *Patton*, 308 S. W. 2d 739 [Mo.]; *Brown* v. *Bottoms Truck Lines,* 227 N. C. 299; and as respects the conflict of authorities see *Coleman* v. *Ringle Truck Lines,* 249 Iowa 1133, and cases there collated.) In New York, however, the use of the permit is not given conclusive effect and employment status is determinable as a matter of fact, according to the conventional tests and factors. (See, e.g., *Matter of Baldi* v. *Interstate Motor Frgt. System,* 277 App. Div. 959, motion for leave to appeal denied 302 N. Y. 947 [award solely against lessee]; *Matter of Hamilton* v. *M & M Leasing Co.,* 283 App. Div. 904, motion for leave to appeal denied 307 N. Y. 941 [award solely against lessor]; *Matter of Hilliker* v. *North Amer. Van Lines,* 12 A D 2d 677 [award against both].). In this case, the board's factual determination must be affirmed upon the authority of the decision in *Hamilton (supra).*

We find without merit, also, the second ground of appellant's argument — that certain insurance coverage effected by Kennedy applied to any and every driver of trucks leased to Kennedy and hence, according to appellant's perhaps unique theory, served to cover decedent and to constitute Solomon an insured employer with respondent State Insurance Fund his carrier. The evidence upon which appellant relies indicates, however, that Kennedy did supply occasional employees in connection with the use of leased equipment and that these were on its payroll and, hence, we must assume, were the individuals to be covered. Further, of course, Kennedy, while considering that the drivers supplied by the lessors were not its employees, might properly insure against the risk of a decision to the contrary; and its act would not in such case constitute a conclusive admission or necessarily be given evidentiary effect of greater weight than that accorded other factors. But, in any event, the insurance was, in express terms, against Kennedy's liability under the Workmen's Compensation Law, and, as we have found, such liability was not established and, of course,

under the act could not be imposed except in favor of Kennedy's employee.

We are constrained to note and to deplore the unconscionable delay which the board and the Referee not merely countenanced but contributed to in the hearing and determination of the simple factual issue presented by this otherwise uncontested death claim, now more than five years old.

The decision and award should be affirmed, with costs to respondents Kennedy Motor Lines, Inc., and State Insurance Fund.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision and award affirmed, with costs to respondents Kennedy Motor Lines, Inc., and State Insurance Fund.